**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EBRIANNA EVANS and DEANDRE JIGGETS, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

CITYWIDE SECURITY AND PRIVATE INVESTIGATION, INC.

Defendant.

---

Index No.  1:22-cv-3035

**COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**

---

Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, The Law Office of Christopher Q. Davis, PLLC, alleges upon personal knowledge and information and belief as to other matters, as follows:

**NATURE OF ACTION**

1.      This is a collective and class action brought by Individual and Representative Plaintiffs Ebrianna ("Plaintiff Evans" and "Ms. Evans") and Plaintiff DeAndre Jiggets ("Mr. Jiggets" or "Plaintiff Jiggets") and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and on behalf of the Proposed Collective Classes and Classes identified below. Plaintiffs and the putative Collective Class and Class Members were or are employed as hourly paid Security Guards by Defendant Citywide Security and Private Investigation, Inc. or ("Defendant" or "CWSP") in New York during the relevant Class and Collective Class Periods.

2.      All Plaintiffs were specifically affected by an unlawful "time shaving" policy and

1

practice, where Defendant manipulated the actual clock in and out times of the Security Guards in order to avoid paying them an overtime premium rate for all overtime hours worked, which Defendant knowingly suffered and permitted.  Through this company-wide policy and practice, Defendant unlawfully denied Plaintiffs overtime premiums at a rate of at least 1.5 times the regular rate for all hours worked over forty in a week and engaged in recordkeeping practices that violated federal and/or state wage and hour laws.

3.      Plaintiffs are all similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the Federal Rule of Civil Procedure 23 and have suffered the same violations pursuant to Defendant's common policies and practices.

4.      The Collective is made up of all persons who are or have been employed by Defendant in New York as Security Guards within the period of the past three years from this action's filing date through the date of the final disposition of this action (the "Collective Period") and who were subject to Defendant's unlawful and uniform time shaving policy and practice resulting in the failure to pay Collective Plaintiffs overtime premiums for all hours worked over 40 during the Collective Period in violation of the FLSA.

5.      The Class is made up of all persons who are or have been employed by Defendant in New York as Security Guards within the period of the past six years from this action's filing date through the date of the final disposition of this action (the "Class Period") and who were subject to Defendants' unlawful and uniform time shaving policy and practice resulting in the failure to pay Class Plaintiffs overtime premiums for all hours worked over 40 during the Class Period and the failure to provide the Class Plaintiffs with accurate wage statements on each payday that includes the information required by the NYLL, including the correct number of hours worked during the pay period.

6.      Plaintiffs seek relief for the Collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and for the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL"), §§ 190 *et seq.*, to remedy the Defendant's failure to pay all wages due and for recordkeeping failures, in addition to injunctive relief.

**PARTIES**

7.      Individual and Representative Plaintiff Ebrianna Evans is a former hourly Security Guard employed by Defendant CWPS from August 14, 2021 through October 28, 2021.

8.      Presently, and at all relevant times, Ms. Evans resides in Bronx, New York.

9.      At all relevant times, Plaintiff Evans was an "employee" within the meaning of all applicable statutes, including the FLSA and NYLL.

10.     Individual and Representative Plaintiff DeAndre Jiggets is a former hourly Security Guard employed by Defendant CWPS from March 2021 to October 2021.

11.     Presently, and at all relevant times, Mr. Jiggets resides in Bronx, New York.

12.     At all relevant times, Plaintiff Jiggets was an "employee" within the meaning of all applicable statutes, including the FLSA and NYLL.

13.     Defendant CWPS is a corporation incorporated under the laws of the State of New York and registered to do business as a domestic business corporation in the State of New York.

14.     Defendant CWPS is a New York domestic corporation that provides security services across various sites ranging from hospitals, constructions sites, homeless shelters, and schools.

15.     Defendant maintains its principal place of business at 1279 50th St, Brooklyn, New York, 11219.

16.     Upon information and belief, CWPS has an annual gross revenue in excess of $500,000.

17.     At all relevant times herein, Defendant met the definition of "employer" of the

Representative Plaintiff, the Putative Collective and Putative Class (as defined above) under all

applicable statutes, including the FLSA and NYLL.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

19.     Specifically, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 207, *et seq.*

20.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

21.     Venue is proper in the United States District Court, Southern District of New York

pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims that

is the subject of this action occurred in this District.

22.     This Court has personal jurisdiction over Defendant because it is a domestic

corporation with headquarters in New York, has substantial operations in New York, and routinely

transacts business in New York.

## WAGE AND HOUR FLSA COLLECTIVE ALLEGATIONS

23.     Plaintiff brings FLSA claims on behalf of herself and other employees similarly

situated as authorized under 29 U.S.C. § 216(b).  The employees similarly situated in the

Collective are:

> **FLSA Overtime Collective**: All persons who are or have been employed by
> Defendant as hourly Security Guards in New York within the period of the past
> three years prior to this action's filing date through the date of the final disposition
> of this action who worked over 40 hours in at least one workweek during the
> Collective Class Period and who were subject to Defendant's failure to pay lawful
> overtime premiums for all hours worked over forty during a workweek based on
> the uniform policies and practices alleged herein.

24.     Defendant employed Plaintiffs Evans and Jiggets and the Collective Members and paid them an hourly wage rather than a salary, classifying them as nonexempt during the Collective Period.

25.     Plaintiff Evans began her employment with Defendant as a Security Guard at a homeless shelter for families located on Morris Avenue in Bronx, New York.

26.     Ms. Evans's hourly rate of pay was $16.50 per hour.

27.     Her overtime rate of pay was $24.75 per hour.

28.     Defendant paid Ms. Evans on a weekly basis.

29.     Ms. Evans's job duties as a Security Guard including patrolling the site, maintaining a log of when shelter residents entered and left and recording any curfew violations.

30.     Mr. Shavar Johnson is the "Lieutenant" of the Morris Avenue site where Ms. Evans worked.

31.     As a Lieutenant, he serves as the on-site supervisor and is responsible for overseeing all the staff employed by Defendant at the Morris Avenue shelter.

32.     Upon information and belief, at just the Morris Avenue site alone, Defendant employs approximately twenty-five Security Guards and there are at least three more sites in the Bronx which also employ Security Guards.

33.     Mr. Johnson would typically send a work schedule to the Security Guards through a Telegram[1] group chat message one day in advance for the following workday and eventually, for the following three workdays.

34.     Defendant uses timekeeping software called "Fingercheck" that offers time clock

---

[1] Telegram is a cloud-based instant messaging app that works similar to other popular messaging apps like WhatsApp and Facebook messenger.

technology using employees' biometric fingerprints to track the start and end times for each shift.

35.     Security guards are expected to clock in and out for their shifts with their fingerprints using a machine at their respective worksite.

36.     However, Defendant utilized an additional timekeeping system whereby the shift supervisor present was expected to manually write the start and end times of each Security Guard in a logbook.

37.     The times entered in the logbook would be inputted for payroll purposes, rather than the more precise times that Fingercheck provides.

38.     Throughout the duration of her employment, Ms. Evans worked five days a week and at least 40 hours each workweek.

39.     Ms. Evans frequently worked hours over 40 in a workweek, but Defendant consistently failed to compensate her for all hours worked in excess of 40 hours at an overtime rate.

40.     For instance, during the workweek of September 26, 2021 through October 2, 2021, Ms. Evans worked 6.25 hours of overtime completing her regular job duties but was not compensated for all of that time at an overtime premium rate. Instead, Ms. Evan's paystub for that week reflects that Defendant only paid her an overtime premium rate for 4.12 hours.

41.     Thus, the actual number of hours worked is not accurately reflected on her paystubs.

42.     In or around October 2021, Ms. Evans complained directly to Mr. Johnson about how Defendant was failing to pay her for all of her overtime hours at an overtime rate.

43.     Mr. Johnson proceeded to explain to Ms. Evans that the company ran payroll in a way that ensured that employees received their regular rate of pay for every hour they worked, even for hours worked above 40, and that the company "just doesn't pay time and a half."

44.     Plaintiff Jiggets worked as an hourly Security Guard at three different shelters for

homeless families on Manor Avenue, Boynton Avenue and Morris Avenue in the Bronx during

the Collective and Class Periods.

45.     Plaintiff Jiggets earned $16.00 an hour while employed with Defendant.

46.     Plaintiff Jiggets checked his paystubs after working a double shift during the Collective

Class Period and noticed that he was missing pay for hours worked.

47.     Plaintiff Jiggets then reviewed his Fingercheck records and noticed that many hours

from his timesheets were not reflected in the Fingercheck records or on his paystub.

48.      Plaintiff noticed that for the entire period of his employment, whenever he worked

overtime hours, his hours were manipulated and reduced, resulting in less pay that he had earned.

49.     Thus, any overtime pay listed on Plaintiffs pay stubs was manipulated to make

them believe that Defendant was paying them an overtime rate of pay for all hours worked in

excess of 40 hours when in fact they were shaving hours worked and simply paying straight time

for all actual hours worked including any above 40 hours,

## WAGE AND HOUR CLASS ALLEGATIONS

50.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of

Civil Procedure on behalf of the following defined class:

> **NYLL Overtime Class**: All persons who are or have been employed by Defendant
> as hourly Security Guards in New York within the period of the past six years prior
> to this action's filing date through the date of the final disposition of this action
> who worked over 40 hours in at least one workweek during the Class Period and
> who were subject to Defendant's failure to pay lawful overtime premiums for all
> hours worked over forty during a workweek based on the uniform policy and
> practices alleged herein.

> **NYLL WTPA Class**: All persons who are or have been employed by Defendant
> as hourly Security Guards in New York within the period of six years prior to this
> action's filing date through the date of the final disposition of this action who
> worked at least one workweek during the Class Period and were subject to
> Defendant's common policy and practice of not providing lawful pay statements in
> violation of the NYLL.

51.     Plaintiff incorporates by reference the facts alleged in the preceding paragraphs above.

52.     Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed *at least* forty people who satisfy the definition of the Proposed Classes.

53.     Typicality: Plaintiff's claims are typical of the members of the Proposed Classes. Plaintiff is informed by other Putative Members of the Collective Classes and Classes that they were subject to the aforementioned unlawful policies during the Class Period.  Plaintiff was compensated in the same manner as all other Security Guards. All Plaintiffs were subject to Defendant's unlawful policies and practices as alleged more fully above, including failing to uniformly pay lawful overtime premiums for all hours worked in excess of 40 during a work week during their employment period.

54.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

55.     Adequacy:   Plaintiff will fairly and adequately protect the interests of the Proposed Collective Class and Class and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

56.     Commonality: Common questions of law and fact exist to all members of the Proposed Classes and predominate over any questions solely affecting individual members of the Proposed Classes, including but not limited to:

    a.   Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of NYLL;
    b.   Whether Defendant maintained lawful wage and hour records under the NYLL;
    c.   Whether Defendant employed Plaintiff and the Proposed Class within the meaning of New York law;

d.   Whether Defendant's actions were "willful" under the NYLL.

57.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

58.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the Proposed Classes the wages to which they are entitled.  The damages suffered by the individual members of the Proposed Classes are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

59.     Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23.  The names and addresses of the Proposed Class will be available from Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)

60.     Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

61.     Plaintiff consents in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto.  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

62.      At all relevant times, Defendant constitutes an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendant has employed and continue to employ employees, including Plaintiff and the Putative Collective.

63.     At all relevant times, upon information and belief, Defendant's gross revenue has exceeded $500,000.00.

64.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

65.     During their employment with Defendant, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation.

66.     Despite the hours worked by Plaintiff and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

67.     Based on the policies and practices articulated above, Plaintiffs were uniformly denied FLSA mandated overtime premiums.

68.     By failing to accurately record, report, and/or preserve records of hours worked by

Plaintiff and the Putative Collective, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

70.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitation applies. 29 U.S.C § 255.

71.     Plaintiff, on behalf of herself and the Collective Class, seeks the recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

72.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

73.     At all relevant times, Plaintiff was an employee and Defendant has been an employer within the meaning of the New York Labor Law.

74.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations applies to Defendant.

75.     Defendants have failed to pay Plaintiff and the Putative Rule 23 Class the overtime wages to which they are entitled to under the New York Labor Law.

76.     By Defendant's failure to pay Plaintiff and the Rule 23 Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully within the meaning of N.Y. Lab. Law § 663 violated the N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

77.     Furthermore, Defendant has violated NYCRR 142-2.2 and NYLL §§ 191 and 193 by failing to pay Plaintiffs and the Class at least one and one-half times their regular rate of pay for all hours worked over 40 in any workweek during the Class Period.

78.     Due to Defendant's violation of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### (New York Labor Law: Failure to Furnish Accurate Wage Statements)

79.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

80.     At all relevant times, Plaintiff was an employee, and the Defendant has been an employer within the meaning of the NYLL.

81.     The recordkeeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

82.     NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

83.     Defendant did not provide Plaintiff and the members of the Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

84.     As a result of Defendant's unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Putative Collective and Class, respectfully requests that this Court:

A.      Declare that this action may proceed as a collective action pursuant to 29 U.S.C. 216 and a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.      Declare that Defendant has violated the Federal Fair Labor Standards Act as to Plaintiff Ebrianna Evans and the Putative Collective;

C.      Declare that Defendant violated the provisions of the New York Labor Law as to Plaintiff Evans and the Putative Class;

D.      Declare that Defendant's violations as described above are found to be willful;

E.      Award Plaintiff Evans and the Putative Collective and Class the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.      Award reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

G.      Enjoin Defendant to cease and desist from unlawful activities in violation of the FLSA and the NYLL; and

H.       Grant Plaintiff and the Putative Collective and Class such other and further relief, in law or equity, as this Court may deem appropriate and just.

13

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff on behalf of

herself and all other similarly situated persons demands a trial by jury as to all issues so triable.

DATED:  April 13, 2022
         New York, New York

                                          The Law Office of Christopher Q. Davis, PLLC

                                          _____

                                          Christopher Q. Davis, Esq.
                                          Hajar Hasani, Esq.
                                          80 Broad Street, Suite 703
                                          New York, New York 10004
                                          Telephone: (646) 430-7930

                                          *Attorneys for Plaintiff and the Proposed Collective
                                          and Classes*

14